No. 19-56514

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

———————————

OLEAN WHOLESALE GROCERY COOPERATIVE, INC, ET AL.,

*Plaintiffs-Appellees,*

v.

BUMBLE BEE FOODS LLC, ET AL.,

*Defendants-Appellants.*

———————————

On Appeal from the United States District Court
for the Southern District of California, No. 3:15-md-02670-JLS-MDD

———————————

## MOTION OF THE AMERICAN ANTITRUST INSTITUTE FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF REHEARING EN BANC

———————————

PROF. JOSHUA P. DAVIS
UNIVERSITY OF SAN FRANCISCO
 SCHOOL OF LAW
2130 Fulton Street
San Francisco, CA 94117
(415) 422-6223 (phone)
davisj@usfca.edu

RANDY M. STUTZ
 *Counsel of Record*
AMERICAN ANTITRUST INSTITUTE
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(202) 905-5420
rstutz@antitrustinstitute.org

*Counsel for Amicus Curiae*

May 19, 2021

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, the American Antitrust Institute states that it is a nonprofit corporation and, as such, no entity has any ownership interest in it.

## ARGUMENT

The American Antitrust Institute ("AAI") respectfully moves for leave to file the accompanying brief as amicus curiae to address the issues raised in the Court's April 28 Order directing the parties to file simultaneous briefs setting forth their respective positions as to whether this case should be reheard *en banc* and specifically to discuss whether Federal Rule of Civil Procedure 23(b)(3) requires a district court to find that no more than a "de minimis" number of class members are uninjured before certifying a class. Order, April 28, 2021, ECF No. 101. All parties consent to the filing of this brief.[1]

AAI is an independent, nonprofit organization devoted to promoting competition that protects consumers, businesses, and society. It serves the public through research, education, and advocacy on the benefits of competition and the use of antitrust enforcement as a vital component of national and international competition policy. AAI enjoys the input of an Advisory Board that consists of over 130

---

[1] No counsel for a party has authored this brief in whole or in part, and no party, party's counsel, or any other person—other than amicus curiae or its counsel—has contributed money that was intended to fund preparing or submitting this brief. Counsel to amicus curiae Joshua P. Davis represented the Commercial Food Service Product plaintiffs during the pendency of the litigation but is not currently involved in the litigation and has not been involved in the litigation since 2019.

prominent antitrust lawyers, law professors, economists, and business leaders. See http://www.antitrustinstitute.org.[2]

AAI appeared as amicus curiae before the merits panel in this case. *See* Brief for the American Antitrust Institute as Amicus Curiae in Support of Plaintiffs-Appellees, Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods, LLC, No. 19-56514 (9th Cir. filed Aug. 21, 2020). It frequently appears as amicus curiae in the federal courts to promote the development of sound legal doctrine that protects consumers, businesses, and society, including on important antitrust class-action issues like those raised by the Court's April 28 Order. *See, e.g.*, Brief for the American Antitrust Institute as Amicus Curiae in Support of Panel Rehearing and Rehearing En Banc, In re Asacol Antitrust Litig., No. 18-1065 (filed Nov. 20, 2018); Brief of Amicus Curiae the American Antitrust Institute Supporting Appellees and Affirmance, In re Nexium Antitrust Litig., Nos. 14-1521 & 14-1522 (filed June 26, 2014).

Federal courts have "broad discretion" to grant amicus status. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *see Gerritsen v. De La Madrid Hurtado*, 819 F.2d 1511, 1514 n.3 (9th Cir. 1987) (Court has authority to exercise discretion

---

[2] Individual views of members of AAI's Board of Directors or Advisory Board may differ from AAI's positions. Certain members of AAI's Board of Directors or Advisory Board, or their law firms, represent Plaintiffs-Appellants, but they played no role in AAI's deliberations with respect to the filing of the brief.

in granting amicus status under Fed. R. App. P. 2.). Courts grant leave to file amicus briefs when a putative amicus has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 128 (3d. Cir. 2002) (Alito, J.); *see* Fed. R. App. P. 29(a)(3)(B).

"[I]t is preferable to err on the side of granting leave." *Neonatology Associates,* 293 F.3d at 132-33. Courts therefore should "grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at 133; *see Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999) (Boudin, J.) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . .").

AAI submits that its brief is useful and desirable because it emphasizes the problematic consequences for antitrust enforcement generally if the panel's ruling is read to require district courts to make a factual finding that no more than a "de minimis" number of class members are uninjured before certifying a class that relies on aggregate proof of injury. AAI's brief puts a spotlight on the legal and practical considerations that belie the panel majority's rationale for this aspect of its holding, as well as the problematic implications of this aspect of the holding for the effective enforcement of the antitrust laws.

## CONCLUSION

For the foregoing reasons, AAI's request for leave to file the accompanying brief as amicus curiae in support of rehearing *en banc* should be granted.

Respectfully submitted,

/s/ *Randy M. Stutz*
RANDY M. STUTZ
AMERICAN ANTITRUST INSTITUTE
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
(202) 905-5420
rstutz@antitrustinstitute.org

PROF. JOSHUA P. DAVIS
UNIVERSITY OF SAN FRANCISCO
SCHOOL OF LAW
2130 Fulton Street
San Francisco, CA 94117
(415) 422-6223 (phone)
davisj@usfca.edu

*Counsel for Proposed Amicus Curiae*
*American Antitrust Institute*

## CERTIFICATE OF SERVICE

I, Randy M. Stutz, certify that counsel for the parties are filing users of the Court's CM/ECF system, and, that on this 19th day of May, 2021, this Motion of the American Antitrust Institute for Leave to File Brief as Amicus Curiae in Support of Rehearing En Banc was served by filing it on the Court's CM/ECF system.

/s/ *Randy M. Stutz*
Randy M. Stutz